**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Incredibowl Industries, LLC | ) ) ) | Case No. 1:18-cv-7367 |
| v. | ) ) | Judge   John J. Tharp, Jr. |
| Does 1-36 | ) ) ) | Magistrate Judge Young B. Kim |
| | ) | |

**FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff Incredibowl Industries, LLC

("Plaintiff") against the defendants operating the websites/webstores identified on Exhibit 2 of

Plaintiff's Complaint (collectively, the "Infringing Webstores") (Dkt. #1), and Plaintiff having

dismissed certain defendants pursuant to settlement (Dkt. #34) and Plaintiff having moved for

entry of Default and Default Judgment (Dkts. ##31, 32) against the remaining Defendants,

namely, Does 1, 2, 5, 7-9, 11-17, 19, 21-23, 25, 29-32, and 34 (collectively, the "Defaulting

Defendants" as defined in Exhibit 1 to this Order);

This Court having entered upon a showing by Plaintiff a temporary restraining order and

preliminary injunction against Defaulting Defendants;

Plaintiff having properly completed service of process on Defaulting Defendants,

providing notice via e-mail, along with any notice that Defaulting Defendants received from the

e-commerce platforms, hosts, and payment processors, being notice reasonably calculated

under all circumstances to apprise Defaulting Defendants of the pendency of the action and

affording them the opportunity to answer and present their objections (Dkt. #21); and

Defaulting Defendants having failed to answer the Complaint or otherwise plead, and

the time for answering the Complaint having expired;

THIS COURT HEREBY FINDS that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Infringing Websites through which Illinois residents can purchase products bearing counterfeit versions of the INCREDIBOWL trademark (U.S. Reg. No. 3878821) as seen throughout Exhibit 1 to the Nair Declaration ("Screenshots") contained in Plaintiff's Motion for a Temporary Restraining Order (Dkt. #11-2).

This registration, attached as Exhibit 3 to Plaintiff's Complaint, is valid, unrevoked, and uncancelled. As seen in the Screenshots, Defendants use the mark and display images protected by trademark on the infringing websites without Plaintiff's permission or consent.

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114), false designation of origin (15 U.S.C. § 1125(a)), and violation of the Illinois Uniform Deceptive Trade Practices Act (815 ILCS § 510, et seq.).

IT IS HEREBY ORDERED that Plaintiff's Motion for Entry of Default and Default Judgment is GRANTED in its entirety, that Defaulting Defendants are deemed in default and that this Final Judgment is entered against Defaulting Defendants.

IT IS FURTHER ORDERED that:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be permanently enjoined and restrained from:

   a. using the INCREDIBOWL trademark or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing,

advertising, offering for sale, or sale of any product that is not a genuine Incredibowl

Industries product or not authorized by Plaintiff to be sold in connection with the

INCREDIBOWL Trademark;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine

Incredibowl Industries product or any other product produced by Plaintiff, that is not

Plaintiff's or not produced under the authorization, control or supervision of Incredibowl

Industries and approved by Plaintiff for sale under the INCREDIBOWL Trademark;

c. committing any acts calculated to cause consumers to believe that Defendants'

Counterfeit Products are those sold under the authorization, control or supervision of

Incredibowl Industries, or are sponsored by, approved by, or otherwise connected with

Incredibowl Industries;

d. further infringing the INCREDIBOWL trademark and damaging Plaintiff's goodwill;

e. otherwise competing unfairly with Plaintiff in any manner;

f. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving,

storing, distributing, returning, or otherwise disposing of, in any manner, products or

inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or

offered for sale, and which bear any of the INCREDIBOWL trademark, or any

reproductions, counterfeit copies or colorable imitations thereof;

g. using, linking to, transferring, selling, exercising control over, or otherwise owning or

operating the infringing webstores, websites, or any other domain name that is being used

to sell or is the means by which Defendants could continue to sell Counterfeit Products;

    h. operating and/or hosting infringing webstores, websites and any other domain
names registered or operated by Defendants that are involved with the distribution,
marketing, advertising, offering for sale, or sale of any product bearing the
INCREDIBOWL trademark or any reproductions, counterfeit copies or colorable
imitations thereof that is not a genuine Incredibowl Industries product or not
authorized by Incredibowl Industries to be sold in connection with the
INCREDIBOWL trademark; and

    i. registering any additional stores, websites, or domain names that use or incorporate
any of the INCREDIBOWL trademark.

2. Those in privity with Defaulting Defendants and with actual notice of this Order,
including e-commerce platform providers such as Alibaba, Ali-Express, Amazon, eBay
and Wish, shall within three (3) business days of receipt of this Order:

    a. disable and cease providing services for any accounts through which Defaulting
Defendants, in the past, currently or in the future, engage in the sale of goods
using the INCREDIBOWL Trademarks, including, but not limited to, any
accounts associated with the Defaulting Defendants listed in Exhibit 2 to
Plaintiff's Complaint not dismissed from this action; and

    b. disable any account linked to Defaulting Defendants, linked to any e-mail addresses
used by Defaulting Defendants, or linked to any of the Infringing
webstores/websites.

3. Pursuant to 15 U.S.C. § 1117(c)(1), Plaintiff is awarded statutory damages from
each of the Defaulting Defendants in the amount of One Hundred Thousand Dollars (U.S.)
and No Cents ($100,000.00) for using counterfeit INCREDIBOWL Trademarks on

products sold through at least the Infringing webstores/websites. As to each Defaulting Defendant, until such Defaulting Defendant has paid in full the award of statutory damages against it:

a. Alibaba, Ali-Express, Amazon, eBay, Wish (collectively the "Platforms") and PayPal, Payoneer, WorldFirst, Bill.com, Pingpong, Payeco, Umpay/Union Mobile Pay, Moneygram and Western Union (collectively the "Payment Processors") shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or Defaulting Defendants' Infringing webstores/websites identified in Exhibit 2 to Plaintiff's Complaint from transferring or disposing of any money or other of Defaulting Defendants' assets.

b. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by the Platforms or the Payment Processors, are hereby released to Plaintiff as partial payment of the above-identified damages. The Platforms and Payment Processors are ordered to release to Plaintiff any such amounts from Defaulting Defendants' Platform or Payment Processor accounts, up to the $100,000 statutory damages award, within ten (10) business days of receipt of this Order.

c. Plaintiff shall have the ongoing authority to serve this Order on the Platforms or the Payment Processors in the event that any new accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, the Platforms or the Payment Processors shall within two (2) business days:

    i. Locate all accounts and funds connected to Defaulting Defendants or

Defaulting Defendants' Infringing webstores/websites, including, but not limited to, any accounts connected to the information listed in Exhibit 2 of the Complaint, the e-mail addresses identified in Exhibit 1 to the Declaration of Rishi Nair, and any e-mail addresses provided for Defaulting Defendants by third parties;

ii. Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

iii. Release all monies restrained in Defaulting Defendants' accounts, up to the $100,000 statutory damages award level, to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

4. Until Plaintiff has recovered full payment of monies owed to it by any Defaulting Defendant, Plaintiff shall have the ongoing authority to serve this Order on any banks, savings and loan associations, payment processors, or other financial institutions (collectively, the "Financial Service Providers") in the event that any new financial accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, the Financial Service Providers shall within two (2) business days:

a. Locate all accounts and funds connected to Defaulting Defendants or Defaulting Defendants' Infringing webstores/websites, including, but not limited to, any accounts connected to the information listed in Exhibit 2 of the Complaint, the e-mail addresses identified in Exhibit 1 to the Declaration of Rishi Nair, and any e-mail addresses provided for Defaulting Defendants by third parties;

b. Restrain and enjoin such accounts or funds from receiving, transferring or

disposing of any money or other of Defaulting Defendants' assets; and

c. Release all monies restrained in Defaulting Defendants' financial accounts, up to the $100,000 statutory damages award level, to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

5. In the event that Plaintiff identifies any additional webstores, websites, domain names or financial accounts owned by Defaulting Defendants, Plaintiff may send notice of any supplemental proceeding to Defaulting Defendants by e-mail at the e-mail addresses identified in Exhibits 1 to the Declaration of Rishi Nair or any e-mail addresses provided for Defaulting Defendants by third parties.

6. Finally, the Clerk shall return Plaintiff's $10,000 bond, including any interest minus the registry fee, posted as a condition of the injunctive relief issued in this matter (Dkt. #20).

Dated: March 19, 2019

_____
John J. Tharp, Jr.
United States District Judge

**Exhibit 1**
**Defaulting Defendants**

| Doe | Merchant ID | Store Name | Real Name | E-mail |
|---|---|---|---|---|
| Doe 1 | 5b08ca0e139e011b4712ef81 | Huangxianhui | 正福 童 | 18270397303@163.com |
| Doe 2 | 5b1b334eb447065a685832b3 | zhangjian0318 | 月琴 候 | 1039180784@qq.com |
| Doe 5 | 20897484 | Cacoo | | 20897484@dhgate.com |
| Doe 7 | 19924554 | Chen1314168 | | 19924554@dhgate.com |
| Doe 8 | 553cdc72d57a0156012b20c4 | Danlin factory | 达 柯 | 3054611480@qq.com |
| Doe 9 | 557a92434b06781bf00f1e6a | Dapeng trading | Dapeng Wang | 2153683518@qq.com |
| Doe 11 | 5b640d18acc118445f2b0859 | Designer clothes | 敬立 王 | 2393001769@qq.com |
| Doe 12 | 5b4c4afb14f3357da7a7fa05 | Duhuili | 慧丽 杜 | duhuili998788@163.com |
| Doe 13 | 20897462 | Egate1 | | 20897462@dhgate.com |
| Doe 14 | 5a9e450e4f6b49156379df57 | Happyadi | 海港 杨 | 1742466185@qq.com |
| Doe 15 | 5b0f5f262c3c1d16e834f6ee | Hi Year Technology Co., Ltd | 陈向阳 | haiyuanwish8@163.com |
| Doe 16 | 5b0959437752c81ba43cc374 | Hold your hand | 月青 候 | 18170310543@sohu.com |
| Doe 17 | 5b2a2566337afb0e32b95626 | Huangxianhui520 | 花香 张 | z17338428515@163.com |
| Doe 19 | 19820561 | Jieq | | 19820561@dhgate.com |
| Doe 21 | 58399d23168b5404c8e292a1 | jute fabric product studio | 帅 焦 | 1696445883@qq.com |
| Doe 22 | 5b5d269d6967ac20758191e0 | lilu2521 | 璐 李 | 18143904890@163.com |
| Doe 23 | 56fdeb81b3909c58b4d7d34d | MINI PANDA | Yanqing Kang | 3215079070@qq.com |
| Doe 25 | 5b4ef2831fad502f4c6bf690 | QIUZUZHAO | 祖照 邱 | qiuzuzhao1122@163.com |
| Doe 29 | 585637ff6339b406781a9770 | Sunshine after the rain | 梅洁 Z 赵 | 18174038445@163.com |
| Doe 30 | 19811911 | Szparty | | 19811911@dhgate.com |
| Doe 31 | 5aa60c7f28a2b3327efaa7ab | tangxingyi | 欣怡 汤 | tangxingyi998788@163.com |
| Doe 32 | 5b094e1f5920697b82187c58 | The light of the sun | 丽文 张 | 13879310867@163.com |
| Doe 34 | 5b5bd97880736a254fa10652 | yangtingting011 | 婷婷 杨 | sssfff1590@163.com |